# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL JARMAL PRUITT,** | ) | **CASE NO. 1:06CV3048** |
| | ) | |
| **PETITIONER,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| V. | ) | |
| | ) | |
| **JULIUS C. WILSON,** | ) | **MEMORANDUM OPINION** |
| Warden, | ) | **AND ORDER** |
| | ) | |
| **RESPONDENT.** | ) | |
| | ) | |

This matter is before the Court upon a petition for a writ of habeas corpus filed by Christopher Gonzales ("Petitioner"), pursuant to 28 U.S.C. § 2254. (Dkt. # 1).

Petitioner filed the instant petition on December 12, 2006. (Dkt. # 1). On February 28, 2007, this case was automatically referred to Magistrate Judge William H. Baughman for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636 and LR 72.1. (Dkt. # 6). On August 25, 2008, the Magistrate Judge issued a report and recommendation, recommending that the Court deny the instant petition because the claim presented in Ground One of the petition is without merit, and because the claim presented in Ground Two of the petition is now moot. (Dkt. # 29). Petitioner timely filed objections to the Magistrate Judge's report and recommendation. (Dkt. # 31).

## I. PETITIONER'S MOTION TO EXPAND THE RECORD

1

Petitioner first objects to the Magistrate Judge's failure to rule on Petitioner's second Motion to Expand the Record prior to issuing a report and recommendation. See (Dkt. # 25). According to Petitioner, he sought to expand the record to include the state appellate record related to his pending state court challenges to the 2007 and 2008 resentencings on the charge of having a weapon under a disability.[1] Petitioner has included with his objections the materials he sought to introduce, which are the transcripts from both resentencing hearings. The Court has reviewed the materials and finds that, because the instant petition challenges only Petitioner's 2004 sentence on the weapons charge, the transcripts are of no consequence to the disposition of Petitioner's habeas claims. Therefore, Petitioner was not prejudiced by the Magistrate Judge's failure to rule on his second Motion to Expand the Record prior to issuing a report and recommendation. Petitioner's objections on the matter are without merit.

## II. MOOTNESS OF GROUND TWO OF THE INSTANT PETITION

Petitioner next objects to the Magistrate Judge's determination that the claim presented in Ground Two of the petition is moot. In Ground Two, Petitioner asserts that in imposing his 2004 sentence for having a weapon under disability, the trial court improperly considered a victim impact statement, in violation of the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004). On direct appeal, the state appellate court agreed, vacated Petitioner's sentence on that charge, and remanded for resentencing. The Magistrate Judge, after ordering additional briefing on the issue by the

---

[1] As the Magistrate Judge noted, Petitioner's 2004 sentence for having a weapon under disability was vacated and remanded for resentencing. Petitioner was resentenced on January 12, 2007, (Dkt. # 26, Ex. B) but the sentence was again vacated and remanded. Petitioner was again resentenced on February 26, 2008. (Dkt. # 26, Ex. B).

2

parties, concluded that the state appellate court's order vacating Petitioner's 2004 sentence and remanding for resentencing renders moot Petitioner's habeas claim challenging his 2004 sentence on the weapons charge. That is, because Petitioner is presently incarcerated on the weapons charge pursuant to the sentence imposed in 2008 on remand from the appellate court, rather than the original 2004 sentence, Petitioner's habeas challenge to the 2004 sentence is moot.

Petitioner acknowledges that the instant petition challenges only the 2004 sentence imposed on the weapons charge. He argues, however, that because the trial court imposed an identical sentence on remand in 2008, his sentence is still based upon the original judge's improper consideration of the victim impact statement. (Dkt. # 31 at 7). Petitioner further contends that, because he attempted to expand the scope of his direct appeal to encompass his sentence on the charge of attempted murder by filing an errata sheet, which the appellate court rejected, Ground Two of the instant habeas petition includes a challenge to his 2004 attempted murder sentence on Blakely grounds.

Petitioner's objections to the Magistrate Judge's conclusions with respect to Ground Two are without merit. In Ground Two, Petitioner challenges only his 2004 sentence on the charge of having a weapon under disability. (Dkt. # 1). His arguments regarding both his 2004 attempted murder sentence and his 2008 resentencing on the weapons charge notwithstanding, Petitioner never sought leave to amend his habeas petition to include those sentences. As the Magistrate Judge correctly noted, Petitioner is no longer incarcerated under the 2004 sentence that he challenges, that sentence having

been vacated. Accordingly, Petitioner's challenge to that sentence, which is the sole basis for the claim presented in Ground Two, is moot.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

In Ground One of the instant petition, Petitioner claims his trial counsel was ineffective for failing "to conduct any pretrial investigation or inform Petitioner of a plausible defense, prior to advising him to enter a plea of guilty." (Dkt. # 1-2 at 8). The crux of Petitioner's claim is his assertion that based upon the factual account he provided to counsel, as well as the discovery provided by the State allegedly showing that the victim in the case was intoxicated, counsel should have investigated a defense of self-defense prior to advising Petitioner to plead guilty.

Petitioner's third, fourth, and fifth objections to the Magistrate Judge's report and recommendation relate to the Magistrate Judge's findings with regard to Ground One. First, Petitioner "objects to the Magistrate Judge's description of the issues presented in this case during the state court proceedings." (Dkt. # 31 at 8). Petitioner recites the procedural history of his state court proceedings, including the arguments Petitioner advanced at each stage, beginning with his post-sentencing *pro se* Motion to Withdraw Guilty Plea. Petitioner asserts that "[t]his case presented the state court with a multi-faceted ineffective assistance of counsel claim." (Dkt. # 31 at 8). Essentially, Petitioner complains that the state courts failed to consider certain evidence supporting his claims of ineffective assistance of counsel, and that the Magistrate Judge failed to adequately describe the state court proceedings. The Court acknowledges Petitioner's objection regarding the Magistrate Judge's description of the state proceedings, but finds that it is

irrelevant to a determination of the merits of the claim presented in Ground One of the instant federal habeas petition.

The Court further finds that Petitioner's objection with respect to the state appellate court's failure to consider the affidavits attached to his post-sentence Motion to Withdraw Guilty Plea is without merit. The state appellate court overruled Petitioner's ineffective assistance claim, noting that the court's review on direct appeal was "limited to the record before the trial court at" the time the alleged ineffective assistance occurred, which Petitioner alleges was when he entered a guilty plea upon counsel's advice. State v. Pruitt, 2006 WL 22987823 at*3. At the time of Petitioner's plea hearing, the affidavits were not before the trial court, and there was no evidence that counsel had provided ineffective assistance. Therefore, the only evidence before the trial court at the time was the record of Petitioner's plea and sentencing. The state appellate court's decision to rely solely upon that evidence was not contrary to, or an unreasonable application of, clearly established federal law.[2]

Petitioner next "objects to the Magistrate's conclusion that the state court decision [on Petitioner's consolidated appeals] satisfies the presumption of correctness under § 2254(e)(1)." (Dkt. # 31 at 9). This objection is related to the one immediately preceding it, in that Plaintiff essentially argues that the Magistrate Judge's statement of the facts is

---

[2] Moreover, to the extent that Petitioner argues that the affidavits were before the trial court upon his post-sentence Motion to Withdraw Guilty Plea in which he asserted that counsel was ineffective, his argument fails. "A trial court need not hold an evidentiary hearing in a motion to withdraw a plea if the only evidence provided consists of affidavits from interested parties which conflict with the facts elicited at the plea hearing." State v. Yearby, 2002 WL 120530, *2 (Ohio App. 8 Dist. 2002). Thus, neither the trial court nor the appellate court erred in not considering the affidavits.

incorrect because it assumes the correctness of the facts set forth by the state court, which Petitioner contends improperly omitted the evidence offered in support of his ineffective assistance claims. While Petitioner does not state specifically the facts he contends were false or missing from the state court's account, he argues that the state court should have included the information from the three affidavits attached to Petitioner's Motion to Withdraw Guilty Plea.

Additionally, Petitioner objects to language in the report and recommendation that "allows the inference that [Petitioner] only sets forth his statement of facts in his habeas petition." (Dkt. # 31 at 13). Petitioner complains that, while noting that the victim provided his version of the facts at Petitioner's 2004 sentencing hearing, the Magistrate Judge states, "[Petitioner], in his brief in support of this petition, argues that, after returning home to find the door of his apartment ajar, he retrieved a gun from his bedroom to search for intruders and encountered [the victim], intoxicated, blocking the front door, and making threats." (Dkt. # 29 at 2-3). According to Petitioner, these statements by the Magistrate Judge ignore the fact that Petitioner first gave his version of the facts to police at the time of his arrest, and that his version was also presented on the record at the 2004 sentencing hearing.[3]

Again, the Court acknowledges Petitioner's objections, but finds that no ruling on these two objections is necessary, as Petitioner does not object to any particular findings by the Magistrate Judge. Rather, Petitioner first objects to the Magistrate Judge's failure

---

[3] As Petitioner points out, his statement to police is part of the record in the instant matter. See (Dkt. # 15, 19). Nothing in the Magistrate Judge's report and recommendation suggests otherwise, and Petitioner does not allege that the Magistrate Judge drew the inferences that Petitioner claims could be drawn from the language to which he objects.

to evaluate the scope of the record considered by the state appellate court, a matter not raised in the instant petition. The Court notes, however, that the Magistrate Judge's determination of Petitioner's ineffective assistance claim was not influenced by the scope of the record examined by the state courts. Rather, the Magistrate Judge made findings on the merits of the claim in light of the facts alleged by Petitioner. Petitioner then objects to the possible inferences that may be drawn by certain language in the Magistrate Judge's report and recommendation. Such matters do not directly relate to the findings of the Magistrate Judge, and Petitioner does not allege that the Magistrate Judge made such inferences in examining his ineffective assistance claim. Thus, Petitioner's objections are irrelevant to a determination of the merits of the claim presented in Ground Two of the instant federal habeas petition.

Petitioner's final objection relates to the Magistrate Judge's findings on the merits of his ineffective assistance of counsel claim. The Magistrate Judge concluded that because Petitioner's claim centers on counsel's alleged failure to investigate facts already known to Petitioner and communicated to counsel, and absent proof that such failure actually prejudiced Petitioner, there is no basis for relief on the grounds of ineffective assistance of counsel. The Magistrate Judge further found that, to the extent Petitioner's claim is based upon counsel's alleged failure to explain the risks and benefits of entering a plea or standing trial, Petitioner must rely on facts outside the state court record, and has, therefore, failed to demonstrate that the state appellate court's opinion overruling his claim was an unreasonable application of clearly established federal law.

7

Petitioner first argues that the Magistrate Judge incorrectly characterized Petitioner's ineffective assistance claim as one based on counsel's failure to conduct a pretrial investigation into Petitioner's asserted grounds for a defense of self-defense and counsel's inability to advise Petitioner of any plausible defense.  According to Petitioner, his claim "is based on counsel's failure to adequately conduct *any* pretrial investigation and failure to advise him of *any* plausible defense that *might* have been available."  (Dkt. # 31 at 13-14) (emphasis in original).  As an initial matter, the Court notes that under Ground Two of his petition, Petitioner specifically emphasizes counsel's alleged failure to investigate grounds for a defense of self-defense.  (Dkt. # 1-2 at 6-10).  Nevertheless, the Magistrate Judge's report and recommendation with respect to Ground Two is not focused exclusively on the issue of the defense of self-defense.  Rather, the Magistrate Judge properly analyzed Petitioner's claim regarding counsel's alleged failure to investigate generally and to advise Petitioner as to plausible defenses.

Next, Petitioner, asserts that the Magistrate Judge incorrectly stated that Petitioner's claim is not based on counsel's failure to investigate and develop facts supportive of a defense at trial.  Petitioner, however, misquotes and misunderstands the Magistrate Judge's statement.  In his report and recommendation, the Magistrate Judge stated,

> I note further that, *to the extent* [Petitioner's] claim is not based on a failure of counsel to investigate and develop facts supportive of a defense at trial, but on an alleged failure of counsel to explain the risks and benefits of entering a plea or standing trial, [Petitioner] indeed must rely on facts outside of the appellate record.

(Dkt. # 29 at 24-25) (emphasis added).  Thus, the Magistrate Judge was not mischaracterizing Petitioner's claim, but merely addressing the merits of the claim on alternative grounds.  The Magistrate Judge had already analyzed Petitioner's claim as one based upon counsel's failure to investigate and develop facts supporting a defense at trial.  Petitioner's assertion that the Magistrate Judge somehow misconstrued his claim is without merit.

Finally, Petitioner argues that the Magistrate Judge was incorrect in finding that Petitioner's "expression of satisfaction of [sic] counsel's performance precludes any claim of ineffectiveness."  (Dkt. # 31 at 17).  First, the Court notes that the Magistrate Judge did not make such a finding.  In the report and recommendation, the Magistrate Judge cited Petitioner's expression of satisfaction with counsel at his plea hearing as one piece of evidence in the record that runs contrary to Petitioner's assertions of facts outside the record.  The Magistrate Judge did not find that such evidence is preclusive of an ineffective assistance claim.  Moreover, the Court finds that the Magistrate Judge's statement was accurate and well-founded.  Petitioner's argument is without merit.

In sum, the Court finds that the Magistrate Judge's determination with respect to the ineffective assistance of counsel claim presented in Ground One is well-founded. Petitioner has failed to show that, but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985).  As the Magistrate Judge noted, Petitioner had full knowledge of his version of the facts prior to pleading guilty, and knew that the victim's account was substantially different.  Additionally, Petitioner alleges that he had asked counsel to present

9

Petitioner's banking records as proof that no check had been written to the victim. Having such knowledge of what he claimed the facts to have been, and having allegedly made such a request to counsel, Petitioner still chose to plead guilty rather than press on with his defense or even bring counsel's failures to the attention of the court. Petitioner has not shown that an investigation by counsel, presumably into facts already known by Petitioner, would have changed his decision.

Furthermore, with respect to Petitioner's claim that counsel failed to advise him as to possible defenses, the Magistrate Judge was correct in finding that Petitioner must rely on facts outside the state appellate record to support such a claim. Petitioner's discussions with counsel are not part of the record that was before the state court. As the Court has observed, the Magistrate Judge correctly noted that the only evidence in the record with respect to discussions between Petitioner and counsel is Petitioner's statement at the plea hearing that "he told his attorney everything he was aware of that was important to the case, that the attorney have done everything [Petitioner] had asked him to do, and that the attorney had done a satisfactory job." Pruitt, 2006 WL 22987823 at *2. While such statements are not independently determinative of Petitioner's claim for ineffective assistance, it was not improper for the state appellate court to consider them in determining the merits of Petitioner's ineffective assistance claim.

Therefore, Petitioner has failed to show that the state appellate court's overruling of his ineffective assistance of counsel claim was contrary to, or an unreasonable application of, clearly established federal law.

The Court has reviewed the report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported.  Therefore, the Report and Recommendation of Magistrate Judge Baughman (Dkt. # 29) is hereby **ADOPTED**.  Petitioner's petition for a writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

<u>**/s/ Peter C. Economus – December 19, 2008**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**